UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

TRACEY EMERSON,

        Plaintiff,

  -against-

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

-----------------------------------------------------------X

12 Civ. 6451 (PAC) (SN)

**ORDER ADOPTING REPORT & RECOMMENDATION**

HONORABLE PAUL A. CROTTY, United States District Judge:

*Pro se* Plaintiff Tracey Emerson claims that she suffers from a variety of physical and mental ailments that entitle her to Supplemental Security Income benefits. After the Commissioner of Social Security denied Emerson's benefits, she now seeks judicial review. The Commissioner moves for judgment on the pleadings, contending that there is substantial evidence in the administrative record to support the denial of Emerson's benefits.

Magistrate Judge Netburn's Report and Recommendation ("R&R") concludes that the Commissioner's motion should be denied and that the case should be remanded to the Commissioner for further proceedings. (Dkt. 27 (Sept. 16, 2013).) In particular, the R&R concludes that the Commissioner's Administrative Law Judge ("ALJ") erred by (1) improperly relying on statements from a physician's assistant and a state disability examiner and (2) committing legal errors in assessing Emerson's credibility and analyzing her back pain claim. (*See* R&R at 22–31.) The Commissioner filed no objection to the R&R. Emerson, however, filed an untimely objection that reasserts her position that she should not have been denied benefits. (Dkt. 30 (Oct. 29, 2013).) She states that the disability examiner who concluded that she was fit for light work "has no medical training . . . and he

1

was not qualified to render any decision . . . ." (*Id.*)

Where a party makes a timely written objection to an R&R, a district court must review the contested issues *de novo*. *See Arista Records LLC v. Doe*, 604 F.3d 110, 116 (2d Cir. 2010) (citing Fed. R. Civ. P. 72(b)(2)). On the other hand, the court will review an R&R only for clear error to the extent that no timely objections to it have been submitted or where "a party makes only conclusory or general objections, or simply reiterates the original arguments." *Pinkney v. Progressive Home Health Servs.*, No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008).

Here, Emerson's objection was untimely and did not purport to disagree with anything in the R&R. Instead, Emerson appears to object only to the Commissioner's prior determination, which Magistrate Judge Netburn rejected. Since the Commissioner has also stated no objection to the R&R, the Court reviews it for clear error. Upon review, the Court finds no clear error in the R&R's conclusions and therefore adopts them.[1]

## CONCLUSION

For the foregoing reasons, the Court adopts the conclusions stated in Magistrate Judge Netburn's R&R and REMANDS the case to the Commissioner for further proceedings consistent with those conclusions. The Clerk of Court is directed to enter judgment.

Dated: New York, New York
       March 27, 2014

SO ORDERED

PAUL A. CROTTY
United States District Judge

---

[1] There is one error—harmless with respect to whether a mental impairment constitutes a "listed impairment." The correct test, to be applied on remand, is set forth in a regulation which provides: "The required level of severity for [affective] disorders is met when the requirements in both [subsections] A and B are satisfied, or when the requirements in [subsection] C are satisfied." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.04. The test thus is satisfaction of both A and B, or C—not A and either B or C. (*See* R&R at 18.)

Copy Mailed By Chambers To:

Tracey Emerson
2538 Valentine Ave, #2A
Bronx, NY 10458